# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-04-173-R |
| | ) CIV-16-476-R |
| KHAMPHAY SOUVANNARATH, | ) |
| Defendant. | ) |

## ORDER

Petitioner Khamphay Souvannarath has filed a Motion to Vacate under 28 U.S.C. § 2255 on the grounds that his sentence is invalid under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which struck down the Armed Career Criminal Act's residual clause as unconstitutionally vague.

Because Petitioner was not sentenced under the Armed Career Criminal Act, his sentence is unaffected by *Johnson*. On November 8, 2004, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g), and possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After determining that Petitioner was a career offender under the United States Sentencing Guidelines and thus eligible for a sentence enhancement under USSG § 4B1.1, the Court imposed a sentence of 188 months. [Doc. 26]. Petitioner now argues that his guideline range was unlawfully enhanced through application of the residual clause in USSG § 4B1.2(a). [Doc. 53].

Because the Sentencing Guidelines are not subject to void-for-vagueness challenges under the Due Process Clause per the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), Petitioner's Motion is DENIED.

Further, the Court denies Petitioner a Certificate of Appealability (COA) under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. When a court denies a habeas petition on the merits, a petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). Given that the Supreme Court has expressly foreclosed challenges to the Guidelines such as Petitioner's, Petitioner has not made this showing and is thus not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

In conclusion, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

IT IS SO ORDERED THIS 1ST DAY OF MAY, 2017.

                                                */s/ David L. Russell*
                                                DAVID L. RUSSELL
                                                UNITED STATES DISTRICT JUDGE